2004 WY 3

**In the Matter of the Petition for REINSTATEMENT of Frank J. JONES, Petitioner.**

No. D–94–9.

Supreme Court of Wyoming.

Jan. 23, 2004.

## ORDER OF REINSTATEMENT

[¶ 1]   Following a hearing before the Wyoming State Board of Professional Responsibility on December 1 and 2, 2003, on the petition for reinstatement to the bar of the State of Wyoming filed by Frank J. Jones, that Board recommended that this Court grant the petition.  The matter is now before this Court as required by the provisions of Rule XXII(e) of the Disciplinary Code for the Wyoming State Bar (effective January 8, 1990).  This Court grants the petition.

[¶ 2]   This Court disbarred Frank J. Jones by its order entered May 30, 1995.  On February 19, 1999, pursuant to Mr. Jones' guilty plea, this Court entered its judgment and sentence finding Mr. Jones guilty of eight counts of the unauthorized practice of law in the State of Wyoming and contempt of this Court, which unauthorized practice of law and contempt occurred after this Court's disbarment of Mr. Jones.

[¶ 3]   On May 22, 2002, Mr. Jones filed with the Wyoming State Board of Professional Responsibility a petition for reinstatement to the bar of the State of Wyoming.  Upon receipt of that petition, the Board caused the matter to be investigated.  Following that investigation, the Board scheduled a reinstatement hearing as required by the provisions of Rule XXII(e) of the Disciplinary Code for the Wyoming State Bar (effective January 8, 1990).  The board conducted that hearing on December 1 and 2, 2003, at the offices of the Wyoming State Bar, 500 Randall Avenue, Cheyenne, Wyoming.  The Board consisted of Craig Newman, a member of the bar and chairman of the Board who presided;  M. Greg Carlson, a member of the bar;  Wendy Press Sweeney, a member of the bar;  Joe M. Teig, a member of the bar;  William H. Twichell, a member of the bar;  Linda Lindsey, a non-lawyer;  and Duane Toro, a non-lawyer.  Frank J. Jones represented himself.  Raymond W. Martin, a member of the bar, represented the Wyoming State Bar. The following witnesses testified on behalf of Mr. Jones: James A. Eddington, a member of the bar; William H. Vines, a member of the bar; Bruce A. Hellbaum, a member of the bar; Susan Grant Juschka;  Charles B. Shellhart;  Robert Shepard;  Robert Mills Grant;  Connie Good Lewis;  Judy D. Williams;  Stephen L. Simonton, a member of the bar;  Kathleen Sue Willier;  Laurell Marker;  the Honorable Peter J. McNiff, a member of the bar and judge of the United States Bankruptcy Court;  Dr. Christopher B. Reyburn, psychiatrist and medical director of the Behavioral Health Services, Ivinson Memorial Hospital, Laramie, Wyoming.  Mr. Jones testified on his own behalf and submitted a memorandum in support of his petition for reinstatement.  Professor John Burman, a member of the bar and a faculty member of the University of Wyoming College of Law, Laramie, Wyoming, testified on behalf of the Wyoming State Bar. The Board admitted into evidence the following documents: report of findings of fact, conclusions of law, recommendation of sanction and assessment of costs and judgment of disbarment that issued from the disbarment proceeding; this Court's order to show cause and judgment and sentence pertaining to Mr. Jones' unauthorized practice of law conviction and contempt order;  the three-volume transcript of the hearing proceedings held on Mr. Jones' first petition for reinstatement in 2001; the Board's report of findings of fact, conclusions of law, and recommendations from the hearing on Mr. Jones' first reinstatement petition in 2001; this Court's order denying Mr. Jones' first petition for reinstatement in 2001;  Mr. Jones' letter dated February 8, 2002, to Chief Justice Larry L. Lehman of this Court; Chief Justice Larry L. Lehman's letter dated February 21, 2002, to Mr. Jones; all exhibits admitted in the disciplinary record pertain-

ing to Mr. Jones from the disbarment proceeding to present date; Dr. Christopher B. Reyburn's letter dated September 19, 2003, pertaining to Mr. Jones' evaluation on September 9, 2003; and Dr. Christopher B. Reyburn's letter dated November 16, 2003, pertaining to his evaluation of Mr. Jones.

[¶ 4] The Board considered the testimony and credibility of the witnesses and the documents admitted into evidence and made the following findings of fact, conclusions and recommendations, which are contained in the Board's report dated December 17, 2003;

### Findings of Fact

1. Frank J. Jones was disbarred by Order of the Wyoming Supreme Court entered May 30, 1995.

2. On February 19, 1999, the Wyoming Supreme Court entered its Judgment and Sentence, pursuant to Mr. Jones's guilty plea, finding him guilty of the unauthorized practice of law in the State of Wyoming and contempt of the Wyoming Supreme Court.

3. Mr. Jones filed his first Petition for Reinstatement pursuant to Rule XXII of the Disciplinary Code of the Wyoming State Bar ("Rule XXII") on June 1, 2000, while still on probation for his guilty plea to the unauthorized practice of law.

4. The Board entered its Report of Findings and Recommendations, recommending that the first Petition for Reinstatement be denied, on March 27, 2001 and the Wyoming Supreme Court, on May 1, 2001, entered its Order Denying Petition for Reinstatement to the Wyoming State Bar, approving and confirming, with several additional bases, the Board's March 27, 2001 Report of Findings and Recommendations.

5. Mr. Jones filed a second Petition for Reinstatement on September 18, 2001, which petition was denied without further hearing by the Board by Order dated December 13, 2001; and the Wyoming Supreme Court approved and confirmed the Board's denial of the second petition.

6. Mr. Jones filed his third Petition for Reinstatement, the petition on which the Board conducted its hearing on December 1 and 2, 2003, on May 22, 2002.

7. At the hearing on the captioned matter, the only witness who testified that Mr. Jones should not be reinstated was Professor John Burman. Professor Burman testified that Mr. Jones should not be reinstated "at this time." Professor Burman based that testimony, in part, upon his opinion and belief that Mr. Jones was not "rehabilitated." However, using Professor Burman's own definition of rehabilitation, elicited from Professor Burman on cross examination, Mr. Jones has been rehabilitated.

8. For purposes of his opinion on whether Mr. Jones should be reinstated as a result of the third Petition for Reinstatement, Professor Burman was most concerned, as were many members of the Board, over Mr. Jones' conduct resulting in his guilty plea to the unauthorized practice of law and Judgment and Sentence by the Wyoming Supreme Court. The last conduct giving rise to that Judgment and Sentence occurred in the 1995 to 1997 time frame. While the Board is as concerned as Professor Burman about the nature of that conduct and its implications, Mr. Jones expressed, to some greater or lesser degree, contrition for such conduct; and the Board is not persuaded that delaying a reinstatement of Mr. Jones, awaiting the passage of more time, will serve any useful purpose.

### Conclusions of Law

1. The parties agreed, and the Board concluded, that Rule XXII and the version of the Disciplinary Code of the Wyoming State Bar in effect prior to the November 1, 2003 effective date of the new Disciplinary Code of the Wyoming State Bar is and was applicable to the third Petition for Reinstatement of Mr. Jones and the hearing which are the subject of this Report of Findings, Conclusions and Recommendations.

2. Rule XXII provides that a disbarred attorney seeking reinstatement must demonstrate by clear and convincing evidence that:

a. he has been rehabilitated;

b. he has complied with all requirements imposed by the court;

c. he has the moral qualifications, competency and learning in law required for admission to practice law in Wyoming; and

d. the resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administrations of justice nor subversive to the public interest.

3. In general, the Board concludes that Mr. Jones satisfied his burden of persuasion as to the required elements of Rule XXII.

4. In attempting to make a determination as to whether the petitioner in this case has been rehabilitated, the Board was persuaded that a useful definition of "rehabilitation" is found in *Avila v. The People of the State of Colorado*, 53[sic] P.3d 230, 232 (Colo. PDJ 2002) [1] quoted by petitioner in his Memorandum in Support of Petition for Reinstatement:

Rehabilitation for purposes of attorney reinstatement and readmission to the bar has been defined as 'the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society.' [citation omitted]

Based upon this definition and the evidence before it, the Board concludes that Mr. Jones demonstrated his rehabilitation.

5. The Board also concludes that it is not required to find or conclude that there is, or must be demonstrated by petitioner, an absolute certainty or guarantee that the petitioner will never again engage in the kind of misconduct which led to his disbarment. It is impossible for the Board to reach such a conclusion. Further, such a burden places the bar too high and would doom every petition for reinstatement. For these propositions, the Board relies on *The Matter of McKeon*, 201 Mont. 515, 656 P.2d 179 (1982) also cited and quoted in petitioner's Memorandum in Support of Petition for Reinstatement. Rather, the Board concludes that it must attempt to discern, from the evidence presented, whether the petitioner demonstrates current moral and ethical behavior and fitness to reenter the practice of law.

6. The Board concludes that Mr. Jones has demonstrated he is eligible for reinstatement.

***Recommendation***

The Board of Professional Responsibility therefore RECOMMENDS:

A. That Frank J. Jones' Petition for Reinstatement, filed May 22, 2002, be GRANTED; and

B. That Frank J. Jones should pay the costs incurred by the Wyoming State Bar for the lodging, travel and meals for the Board of Professional Responsibility to conduct the hearing, including the fees of the court reporter engaged by the Wyoming State Bar to report the hearing, and further that Mr. Jones should pay for all the time devoted to this case by Special Bar Counsel, Raymond W. Martin, at Mr. Martin's prevailing hourly rate.

Dated this 17th day of December, 2003.

[¶ 5] We do not need to detail the evidence offered on Mr. Jones's behalf which the Board relied upon in support of its findings, conclusions, and recommendation. This Court's own review of the record satisfies it that clear and convincing evidence was presented that Mr. Jones has been rehabilitated; has the moral qualifications, competency and learning in law required for admission to practice law in this state; and that Mr. Jones's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest. In particular, this Court notes Mr. Jones's own words before the Board: "I am not bitter. I have no fight with the Wyoming State Bar or any of its members;" "What I did was totally wrong. I've accepted that;" "[T]here was a period in my life when I was not an honest individual, I was not ethical, and I feel that I have overcome that time period and I have done everything possible to overcome that;" "I have made a promise to

---

1. 52 P.3d 230, 232 (Colo. PDJ 2002).

myself, to perhaps the religious aspect of my life, God, I've made it to my family, I'll make it to this Board, you will never see conduct from me as was exhibited during that time period. It just won't happen;" "I will never, ever bring shame upon myself, my family, the legal profession, any member of this Board if you should see fit to reinstate me. I will hopefully go out and make not only myself, my family, but perhaps any of you that should follow the course of my conduct somewhat happy, maybe not proud, but satisfied that, yes, we gave him a chance and he took it and he did what he promised."

[¶ 6] No absolute guarantee exists that Mr. Jones will never engage in professional misconduct again. But if such a guarantee were required for reinstatement under the rules of the Wyoming State Bar and this Court, none could qualify. All that this Court can require is clear and convincing evidence of the factors enumerated in those rules. In accepting the Board's recommendation and in deciding to restore Mr. Jones to the practice of law in the State of Wyoming, we are placing upon him the burden to match his promises with his conduct. He must now demonstrate to the public, to the members of the state bar, to those witnesses who testified on his behalf, to the members of the Board, and to the judiciary of this state that his reform is fundamental and genuine, and that our collective trust is not misplaced.

[¶ 7] As part of the Board's recommendation to this Court, the Board recommended that Mr. Jones "pay the costs incurred by the Wyoming State Bar for the lodging, travel and meals for the Board ... to conduct the hearing, including the fees of the court reporter ... to report the hearing, and ... pay for all the time devoted to this case by Special Bar Counsel, Raymond W. Martin, at Mr. Martin's prevailing hourly rate." This Court accepts that recommendation, as well.

[¶ 8] It is therefore ORDERED that:

1. The Petition of Frank J. Jones for Reinstatement to the bar of the State of Wyoming be, and it is hereby, granted subject to this Court's receipt from the Board of a statement that Mr. Jones has paid the Wyoming State Bar's costs and court reporter fees for the hearing and Special Bar Counsel's fees in this matter.

2. The Clerk of the Supreme Court notify the courts of this state, the Wyoming State Bar, who shall notify the members of the Wyoming State Bar, and all other necessary entities that Mr. Jones has been reinstated to the practice of law in this state.

3. This decision be published in the Wyoming Reporter and the Pacific Reporter.

[¶ 9] Dated this 23rd day of January, 2004.

Chief Justice WILLIAM U. HILL recused.