2008 WY 120

**BOARD OF PROFESSIONAL RESPONSIBILITY, Wyoming State Bar, Petitioner,**

v.

**Mary SCHEIBLE, Respondent.**

**No. D–01–1.**

Supreme Court of Wyoming.

Oct. 8, 2008.

**ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW, WITH CONDITIONS**

WILLIAM U. HILL, Justice.

[¶ 1] **This matter** came before the Court upon a "Report and Recommendation on Petition for Reinstatement," filed herein September 23, 2008, by the Board of Professional Responsibility for the Wyoming State Bar.

The Court, after a careful review of the Board of Professional Responsibility's Report, as well as the other matters of record, finds that the Board of Professional Responsibility's "Report and Recommendation on Petition for Reinstatement," should be approved, confirmed and adopted by the Court; and that Mary Scheible should be reinstated to the practice of law, subject to the conditions set forth in the "Report and Recommendation on Petition for Reinstatement." It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the "Report and Recommendation on Petition for Reinstatement," filed herein by the Board of Professional Responsibility for the Wyoming State Bar, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that Mary Scheible shall be, and hereby is, reinstated to the practice of law in this State, upon the following conditions:

1. Ms. Scheible shall be evaluated by the Wyoming Professional Assistance Program (WPAP) and shall comply with the requirements and recommendations, if any, made by WPAP.

2. Ms. Scheible shall participate for two years in the Wyoming State's Bar's mentoring program, to the extent and in the manner approved by Bar Counsel.

3. For two years, Ms. Scheible shall provide to Bar Counsel quarterly reports, which shall include, but are not limited to, a spreadsheet describing her pending legal matters and the status of each, as well as other information as required by Bar Counsel.

4. Prior to December 31, 2008, Ms. Scheible shall complete 15 hours of Continuing Legal Education, two hours of which must qualify as ethics credit.

5. Ms. Scheible shall reimburse the Wyoming State Bar Client Security Fund $1,876.07.

6. On a payment plan approved by Bar Counsel, Ms. Scheible shall reimburse the Wyoming State Bar the amount of

$742.86, which represents the costs of the reinstatement hearing.

[¶ 4] **AND FURTHER, IT IS OR-DERED** that these conditions are not conditions precedent to Ms. Scheible's reinstatement. However, in the event Bar Counsel reasonably believes that Ms. Scheible has materially breached any of these conditions, Bar Counsel shall serve written notice to Ms. Scheible of the alleged material breach. Ms. Scheible shall have twenty (20) days from service of such notice to serve a written response upon Bar Counsel. If the issues cannot be resolved between Bar Counsel and Ms. Scheible, Bar Counsel may request a hearing before the Board of Professional Responsibility to determine what discipline, if any, is appropriate for the alleged breach. In such a proceeding, Bar Counsel shall have the burden of proving, by a preponderance of the evidence, a material breach; and it is further

[¶ 5] **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this "Order Reinstating Attorney to the Practice of Law, with Conditions," along with the incorporated "Report and Recommendation on Petition for Reinstatement," shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 6] **ORDERED** that the Clerk of this Court shall docket this "Order Reinstating Attorney to the Practice of Law, with Conditions," along with the "Report and Recommendation on Petition for Reinstatement," as a matter coming regularly before this Court as a public record; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court transmit a copy of this order to Ms. Scheible, Bar Counsel, members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

BY THE COURT
/s/ William U. Hill
WILLIAM U. HILL
Justice

## REPORT AND RECOMMENDATION ON PETITION FOR REINSTATEMENT

The Wyoming State Bar Board of Professional Responsibility [hereinafter "Board"] hereby files its Report and Recommendation in the above-captioned matter [hereinafter "case"]. The case came before the Board on Petitioner's Petition for Reinstatement to the Wyoming State Bar and Memorandum in support of Petition for Reinstatement to the Wyoming State Bar [hereinafter "Petition" and "Memorandum"]. The case was heard before the Board on August 7, 2008. The Board consisted of Joe M. Teig, a member of the bar and chairman of the Board who presided: William H. Twichell, a member of the bar; Francis E. Stevens, a member of the bar; Kennard F. Nelson, a member of the bar; Joseph Bryce Bluemel, a member of the bar; Katherine H. Tomassi, a non-lawyer; and Ann Robinson, a non-lawyer. Mary L. Scheible [hereinafter "Petitioner"] represented herself. Rebecca A. Lewis, a member of the bar, represented the Wyoming State Bar.

The following witness testified on behalf of Petitioner: Louis L. Walrath, a member of the bar; Dan O. Caldwell III, a member of the bar; Jacqueline Wright, Jennifer Domhoff, Carole Smith, and Pauline Phipps. Petitioner testified on her own behalf. The Wyoming State Bar presented no witnesses. The Board admitted into evidence the following documents: pleadings submitted by Petitioner in Scheible v. Spomer, Fifth Judicial District, Docket 2005–32; copies of attachments to Petitioner's Memorandum; Petitioner's proposed repayment plan for amounts owed the Clients Security Committee; letter dated February 6, 2006 from Mary Guthrie, former Executive Director, Wyoming Sate Bar to Petitioner regarding amount owed the Clients Security Committee.

After considering the testimony and credibility of the witnesses and the documents admitted into evidence, the Board made the following findings of fact, conclusions of law, and recommendations.

### FINDINGS OF FACT

1. Petitioner was disbarred by Order of Disbarment upon Default of the Wyoming Supreme Court dated January 31, 2001. (Docket No. D–01–01)

2. On August 29, 2002, Petitioner filed a Motion to Set Aside Order of Disbarment upon Default. That motion was denied by the Wyoming Supreme Court on November 5, 2002. (Docket No. D–01–01)

3. The Wyoming Supreme Court ordered Petitioner to reimburse the Board $1,172.54 for the costs it incurred in the disbarment proceedings. That amount has been paid. (tr. 67)

4. Petitioner owes the Wyoming State Bar's Clients Security Fund $1,876.07. (tr. 110, Exhibit 3)

5. Petitioner filed her Petition for Reinstatement and Memorandum in Support of Petitioner's Petition for Reinstatement on May 5, 2008.

6. At the time of Petitioner's disbarment, Petitioner suffered from alcoholism and depression. She voluntarily entered inpatient treatment for alcoholism and depression at the Wyoming State Hospital in Evanston. Petitioner has been sober since April 2004 and has not required medication for her depression for over two years. Petitioner knows what treatments and support systems exist for her, and she vows to avail herself of those if the need should arise. (tr. 62, 99)

7. Petitioner remained in Thermopolis following her disbarment and has been gainfully employed since her disbarment by working various non-law related jobs. (tr. 68)

8. Petitioner has worked hard to restore her place in society and gives her assurances that she will continue to do so. (tr. 68–69)

9. Petitioner is well known in her community and her reputation is that of a hard working, responsible, and reliable individual. She is well respected and trusted in the community (tr. 14, 24, 37, 42, 54)

10. For over five years, Petitioner has been a volunteer advocate with the H.O.P.E. Agency, a nonprofit organization for victims of domestic violence, sexual assault and stalking. Petitioner is considered an outstanding volunteer, very reliable and willing to put in extra time. Last year alone, Petitioner volunteered over 1,000 hours to the agency. (tr. 31)

11. Petitioner bears no malice or ill feeling toward those who brought the disciplinary proceedings against her. She has accepted full responsibility for her actions that resulted in her disbarment. (tr. 58)

12. Prior to her disbarment and before she became impaired by alcoholism and depression, Petitioner was considered a competent, diligent attorney who worked hard for her clients, and was always prepared, and presented good arguments. (tr. 12, 40).

13. During the term of her disbarment, Petitioner did not attend any continuing education classes. However, Petitioner was engaged in lengthy litigation during which she represented herself. Petitioner presented some of the pleadings from that litigation at the hearing, and she explained the litigation during her testimony. (tr. 71–78) The Board found that Petitioner's representation was thorough, knowledgeable and judicious.

### CONCLUSIONS OF LAW

The Board of Professional Responsibility has jurisdiction of this case pursuant to Rule 1 of the Disciplinary Code of the Wyoming State Bar. Rule 24(g) of the Disciplinary Code provides five criteria that a disbarred attorney seeking reinstatement must demonstrate by clear and convincing evidence before the attorney may be reinstated. Those criteria are as follows:

(i) The respondent has been rehabilitated;

(ii) The respondent has substantially complied with all requirements imposed by the Court;

(iii) The respondent has the character and fitness qualifications to practice law in this state as outline in Section IV of the Wyoming Rules and procedures Governing Admission to the Practice of Law;

(iv) The respondent is competent to practice law in this state;

(v) The respondent's resumption of the practice of law shall not be detrimental to the administration of justice and the public interest.

Regarding rehabilitation, the Wyoming Supreme Court has stated:

Rehabilitation for purposes of attorney reinstatement and readmission to the bar has been defined as 'the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society.' [Quoting *Avila v. The People of the State of Colorado*, 52 P.3d 239, 232 (Colo. PDJ 2002).]

*In the Matter of the Petition for Reinstatement of Frank J. Jones*, 82 P.3d 1239, 1241 (Wyo.2004). Applying this definition of rehabilitation to the evidence before it, the Board concludes that Petitioner demonstrated her rehabilitation. Furthermore, Petitioner substantially complied with the requirements imposed by the Court when she paid the amount owed the Board.

Rule 24 (g) of the Disciplinary Code adopts Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law for its criteria for determining whether Petitioner has the character and fitness qualifications to practice law in this state. The criteria set forth at Rule 407 of Section IV are as follows:

(a) Strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order. where applicable;

(b) Unimpeachable character and moral standing in the community;

(c) Good reputation for professional ability, where applicable;

(d) Lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial administrative or other proceeding;

(e) Personal assurances, supported by corroborating evidence, of a desire and intention to conduct one's self in an exemplary fashion in the future;

(f) Restitution of funds or property, where applicable;

(g) Positive action showing rehabilitation by such things as a person's occupation, religion, community or civic service. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants to admission to the Bar because service to one's community is an implied obligation of members of the bar.

The Board having applied the facts before it to the above criteria concludes that Petitioner has the character and fitness qualifications to practice law in this state. In addition, the Board holds Petitioner demonstrated her competency to practice law through her pleadings presented as Exhibit 1 and her testimony. Finally, the Board concludes that Petitioner's resumption to the practice of law shall not be detrimental to the administration of justice and the public interest.

The Board concludes that Petitioner has demonstrated she is eligible for reinstatement.

### RECOMMENDATION

The Board of Professional Responsibility therefore respectfully RECOMMENDS:

1. That Mary L. Scheible's Petition for Reinstatement, filed May 5, 2008, be GRANTED; and

2. That the reinstatement of Ms. Scheible's license to practice law be based on the following conditions:

(a) That Ms. Scheible be evaluated by the Wyoming Professional Assistant Program (WPAP) and that she comply with the requirements and recommendations, if any made by WPAP; and

(b) That Ms. Scheible participate for two years in the Wyoming State Bar's mentoring program to the extend and in the manner approved by Bar Counsel; and

(c) That Ms. Scheible provide quarterly reports to Bar Counsel for two years which include, but are not limited to, a spreadsheet describing her pending legal matters and the status of each, as well as other information as required by Bar Counsel; and

(d) That Ms. Scheible complete 15 hours of Continuing Legal Education, 2 hours of which must qualify as ethics credit, prior to December 31, 2008; and

(e) That Ms. Scheible reimburse the Wyoming State Bar Client Security Fund $ 1,876.07 as outlined in Exhibit 3 of the evidence presented at the hearing; and

(f) That Ms. Scheible agrees to pay the costs of the reinstatement hearing on a payment plan approved by Bar Counsel.

The Board further recommends that the above conditions not be conditions precedent to Petitioner's reinstatement. However, in the event that Bar Counsel reasonably believes that Petitioner has materially breached any of these terms or of the Court's Order for Reinstatement, Bar Counsel shall serve written notice to Petitioner of the alleged material breach. Petitioner shall have twenty (20) days from service of the notice to serve a written response upon Bar Counsel. If the issues cannot be resolved between Bar Counsel and Petitioner, Bar Counsel may request a hearing before the Board to determine what discipline, if any, is appropriate for the alleged breach. Bar Counsel shall have the burden of proving a material breach to the Board by a preponderance of the evidence.

IT IS SO RECOMMENDED this 23nd day of September 2008.

/s/ Joe M. Teig
Joe M. Teig, Chair
Board of Professional Responsibility
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003
(307) 632-9061