# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2017 WY 58

*April Term, A.D. 2017*

**May 17, 2017**

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

LAURENCE W. STINSON, WSB No.
6-2918,

Respondent.

D-15-0007

## ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW

[¶1]   **This matter** came before the Court upon an "Order Recommending the Grant of Petition for Reinstatement of Laurence W. Stinson," filed herein May 3, 2017, by the Board of Professional Responsibility for the Wyoming State Bar.  On February 24, 2016, this Court suspended Respondent from the practice of law for a period of nine months, with the suspension beginning on March 7, 2016.  *Board of Professional Responsibility, Wyoming State Bar v. Stinson*, 2016 WY 25, 370 P.3d 72 (Wyo. 2016).  Now, after a careful review of the Board of Professional Responsibility's Order Recommending the Grant of Petition for Reinstatement of Laurence W. Stinson and the file, this Court finds that the recommendation for reinstatement should be approved, confirmed, and adopted by the Court and that the Respondent, Laurence W. Stinson, should be reinstated to the practice of law.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Order Recommending the Grant of Petition for Reinstatement of Laurence W. Stinson, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that the Respondent, Laurence W. Stinson, be, and hereby is, reinstated to the practice of law in Wyoming, effective immediately; and it is further

[¶4]   **ORDERED** that this Order Reinstating Attorney to the Practice of Law, along with the incorporated Order Recommending the Grant of Petition for Reinstatement of Laurence W. Stinson, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶5]   **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Order Recommending the Grant of Petition for Reinstatement of Laurence W. Stinson, as a matter coming regularly before this Court as a public record; and it is further

[¶6]   **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.

[¶7]   **DATED** this 17th day of May, 2017.


                                        **BY THE COURT:** [*][†]

                                        /s/

                                        **E. JAMES BURKE**
                                        **Chief Justice**

**\***Justice Davis took no part in the consideration of this matter.

[†]Justice Kautz would have denied reinstatement.

## BEFORE THE SUPREME COURT

## STATE OF WYOMING

D-15-0007

IN THE SUPREME COURT
STATE OF WYOMING
FILED

MAY 03 2017

PATRICIA BENNETT, CLERK
by CHIEF DEPUTY

In the matter of the petition )
for reinstatement of )  WSB No. 2014-102
LAURENCE W. STINSON, )
WSB Attorney No. 6-2918 )

## ORDER RECOMMENDING THE GRANT OF PETITION FOR REINSTATEMENT OF LAURENCE W. STINSON, WSB #6-2918

**THIS MATTER** having come before the Board of Professional Responsibility *In the matter of the petition for reinstatement of Laurence W. Stinson, WSB # 6-2918*, the hearing having been held April 18, 2017 in Cheyenne, Wyoming, and the Board being fully apprised in the premises, hereby makes the following findings:

1. A reinstatement proceeding was initiated by the filing of a Petition for Reinstatement. The nine month suspension of Laurence W. Stinson started March 7, 2016. A Petition for Reinstatement was timely served on October 27, 2016 and filed by the Clerk of the Board of Professional Responsibility on November 3, 2016. During the nine month suspension, Bar dues were kept current, and CLE remained current. Bar Counsel did not stipulate to

reinstatement based on concerns of a continued internet presence and lack of rehabilitation.

2.    The parties stipulated and agreed that the former Disciplinary Code of the Wyoming State Bar applies to Respondent's reinstatement proceedings as the Disciplinary Code was in effect at the time the formal charge in this matter was filed against Respondent in December, 2014. See, *Board of Professional Responsibility v. Fulton*, 370 P.3d 65 (Wyo. 2016); *Reinstatement of Jones*, 82 P.3d 1239 (Wyo. 2004).

3.    Section 24(g) of the Disciplinary Code provides:

> If Bar Counsel does not stipulate to reinstatement or if the BPR or Court does not approve a stipulation for reinstatement, a hearing shall be held by the BPR. At the hearing, the suspended or disbarred attorney shall have the burden of proving by clear and convincing evidence the following:
>
> (i)    The respondent has been rehabilitated;
>
> (ii)    The respondent has substantially complied with all requirements imposed by the Court;
>
> (iii)    The respondent has the character and fitness qualifications to practice law in this state as outlined in Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law;
>
> (iv)    The respondent is competent to practice law in this state;
>
> (v) The respondent's resumption of the practice of law shall not be detrimental to the administration of justice and the public interest.

2

4.    <u>Specific Character and Fitness Requirements.</u>  Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law (the "Admission Rules"), incorporated by reference in Section 24(g) of the Disciplinary Code, sets forth the character and fitness requirements for admission to the Wyoming State Bar.  Rule 401 provides in relevant part:

Rule 401.  Character and Fitness Requirements.

(a)  *Duties of Applicant.*  Every applicant must produce satisfactory evidence of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to practice law within the State of Wyoming. The applicant shall have the burden of proving that the applicant is possessed of good moral character and is fit to practice law. \*\*\*

(b)  *Purposes of Character and Fitness Screening.*  The primary purposes of character and fitness screening before admission to the Bar are to assure the protection of the public and safeguard the justice system. The Committee shall not recommend an applicant be admitted to practice law if the Committee believes that such applicant would, if admitted to practice law in Wyoming, be unable or unwilling to act in accordance with the standards set forth in the Wyoming Rules of Professional Conduct, and to act fairly, honestly, reasonably and with unquestionable integrity in all matters in which he or she acts as an attorney at law.

(1)  Good moral character includes but is not limited to a record of conduct manifesting the qualities of honesty, candor, trustworthiness, observance of fiduciary responsibilities, adherence to the law, and a respect for the rights of other persons and the judicial process.

(2)  Fitness to practice law includes but is not limited to a record of conduct that establishes that the applicant meets the essential eligibility requirements for the practice of law.  The essential eligibility requirements for the practice of law are:

(A) The ability to exercise good judgment and to conduct oneself with a high degree of honesty, integrity and

3

trustworthiness in financial dealings, legal obligations, professional relationships, and in one's professional business;

(B) The ability to conduct oneself in a manner that engenders respect for the law and adheres to the Wyoming Rules of Professional Conduct;

(C) The ability to diligently, reliably, and timely perform legal tasks and fulfill professional obligations to clients, attorneys, courts and others;

(D) The ability to competently undertake fundamental lawyering skills such as legal reasoning and analysis, recollection of complex factual information and integration of such information with complex legal theories, problem solving, and recognition and resolution of ethical dilemmas; and

(E) The ability to communicate comprehensibly with clients, attorneys, courts, and others.

(c) *Factors Considered.* The following factors shall be considered when determining an applicant's good moral character and fitness to practice law:

(1) Unlawful conduct;

(2) Academic misconduct;

(3) Making or procuring any false or misleading statement or omission of relevant information, including any false or misleading statement or omission on the application for admission to the Bar, or any amendment, or in any testimony or sworn statement submitted to the Board or the Committee;

(4) Misconduct in employment;

(5) Acts involving dishonesty, fraud, deceit or misrepresentation;

(6) Abuse of legal process;

(7) Neglect of financial responsibilities;

(8) Neglect of professional obligations;

4

(9)   Violation of an order of a court;

(10)  Conduct demonstrating an inability to meet one or more essential eligibility requirements for the practice of law;

(11)  Conduct that physically threatens or harms another person;

(12)  Denial of admission to the bar in this or another jurisdiction on character and fitness grounds;

(13)  Disciplinary action by the lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction; and

(14)  Any other conduct which reflects adversely upon the good moral character or fitness of the applicant to practice law.

(d) *Prior Conduct—Aggravating and Mitigating Factors.* In making the determination on character and fitness of each applicant, the following factors should be considered in assigning weight and significance to prior conduct of the applicant:

(1)   The applicant's age at the time of the conduct;

(2)   The recency of the conduct;

(3)   The reliability of the information concerning the conduct;

(4)   The seriousness of the conduct;

(5)   The factors or circumstances underlying the conduct;

(6)   The cumulative effect of the conduct or information;

(7)   The evidence of rehabilitation;

(8)   The applicant's positive social contributions since the conduct;

(9)   The applicant's candor in the admissions process;

(10)  The materiality of any omissions or misrepresentations.

5

(11) An applicant who affirmatively asserts rehabilitation from prior conduct must produce evidence of rehabilitation which may include, but is not limited to, the following:

(A) compliance with the specific conditions of any disciplinary, judicial, administrative, or other order, where applicable;

(B) good character and moral standing in the community;

(C) good reputation for professional ability, where applicable;

(D) lack of malice and ill feeling toward those who, by duty, were compelled to bring about the disciplinary, judicial, administrative, or other proceeding;

(E) personal assurances, supported by corroborating evidence, of a desire and intention to conduct one's self in an exemplary fashion in the future;

(F) restitution of funds or property, where applicable;

(G) positive action showing rehabilitation by occupation, community service or civic service; and

(H) any other evidence which reflects rehabilitation of the applicant.

5. Petitioner presented evidence that he had not practiced law during the period of his suspension. While evidence was presented of a continued internet presence, there was no evidence presented that such presence was intended or resulted in the practice of law by the Petitioner.

6. Petitioner further presented evidence of development and acceptance of the wrongful nature of his prior conduct and expressed remorse and contrition for such conduct. In response, the evidence of prior misconduct

6

was presented. The Board was persuaded by the Wyoming Supreme Court's decision in the matter of the *Petition for Reinstatement of Frank J. Jones*, 82 P.3d 1239 at 1241:

> While the Board is as concerned as Professor Burman about the nature of that conduct and its implications, Mr. Jones expressed, to some greater or lesser degree, contrition for such conduct; and the Board is not persuaded that delaying a reinstatement of Mr. Jones, awaiting the passage of more time, will serve any useful purpose.

Further, the Wyoming Supreme Court went onto state:

> In attempting to make a determination as to whether the petitioner in this case has been rehabilitated, the Board was persuaded that a useful definition of "rehabilitation" is found in *Avila v. The People of the State of Colorado*, 53[sic] P.3d 230, 232 (Colo. PDJ 2002) quoted by petitioner in his Memorandum in Support of Petition for Reinstatement:
>
> Rehabilitation for purposes of attorney reinstatement and readmission to the bar has been defined as "the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society." [citation omitted]
>
> > Based upon this definition and the evidence before it, the Board concludes that Mr. Jones demonstrated his rehabilitation.
>
> The Board also concludes that it is not required to find or conclude that there is, or must be demonstrated by petitioner, an absolute certainty or guarantee that the petitioner will never again engage in the kind of misconduct which led to his disbarment. It is impossible for the Board to reach such a conclusion. Further, such a burden places the bar too high and would doom every petition for reinstatement. For these propositions, the Board relies on *The Matter of McKeon*, 201 Mont. 515, 656 P.2d 179 (1982) also cited and quoted in petitioner's Memorandum in Support of Petition for Reinstatement. Rather, the Board concludes that it must attempt to discern, from the evidence

7

presented, whether the petitioner demonstrates current moral and ethical behavior and fitness to reenter the practice of law.

*Id.* at 1242.

Based on the foregoing, it hereby is the recommendation of a majority of the Board of Professional Responsibility that Petitioner has met his burden of proof, and that the Petition be granted to allow Mr. Stinson to be reinstated as an attorney licensed practice law in the state of Wyoming.

DATED this ___25___ day of ___April___, 2017.

Judith Studer, Chair
Board of Professional Responsibility
Wyoming State Bar

8